

**Z**ACHARY **W. C**ARTER
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JOY T. ANAKHU
*Assistant Corporation Counsel*
Phone:  (212) 356-2323
Fax:  (212) 356-3509
Janakhu@law.nyc.gov

August 18, 2014

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Street
New York, NY 10007

> Re: <u>Clark Stoeckly et ano. v. City of New York et al.</u>,
> 13 CV 6173 (VSB)

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Captain William Gardner, Lieutenant Jack Konstantinidis, Sergeant Anthony Santangelo, Police Officer Vincent Boccio and Police Officer Christopher Ventura in the above referenced civil-rights action. Defendants write in response to plaintiffs' letter to the Court on Sunday August 17, 2014 and also as a request, <u>inter alia</u>, that discovery be extended in this matter.

<u>Discovery Dispute</u>:

First, plaintiffs' assertion that defendants did not raise objections to plaintiffs' production, dated May 16, 2014, until August 6, 2014 is simply untrue. There were several discussions via telephone amongst the parties regarding discovery disputes and defendants raised their issues with plaintiffs' production prior to that date[1]. Additionally, defendants' letter, dated on or about August 14, 2014 memorializes key aspects of those discussions (see defendants letter attached to plaintiffs' letter to Court as <u>Exhibit B</u>). In either event, as plaintiffs' letter to the Court states, settlement discussions were a factor as to why further discussions regarding

---

[1] It should be noted that defendants' production was served on or about May 23, 2014 yet, plaintiffs' objections were not raised until July 21, 2014.

- 2 -

discovery disputes were held in abeyance. Nonetheless, in the interim plaintiffs requested a privilege log and defendants complied with this request and produced said log. Although I could not "promise" plaintiffs that specific documents were in existence, and therefore would be produced, I did inform plaintiffs' counsel Wylie Stecklow that I would follow up with the applicable agency regarding plaintiffs' inquiry.

<u>Mediation</u>:

With regard to settlement, the parties attended a mediation session on this matter on or about February 6, 2014; however, settlement was not reached at that time. Additionally, the parties recently held independent discussions regarding settlement prior to the filing of these respective letters to the Court; however, were again unable to reach a resolution in interest to the parties. Therefore the defendants feel that continued discovery would be preferable than a referral to a magistrate judge at this time.

It is for the reasons set forth above and others already outlined that defendants also request an extension to discovery in this matter as well as an opportunity to be heard on the two way discovery disputes.

Thank you for your consideration.

Respectfully submitted,

_____/s_____
Joy T. Anakhu
Assistant Corporation Counsel

cc:
Wylie Stecklow, Esq.
*Attorney for Plaintiffs*